DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Linda A. Grissinger and Lee A. Grissinger ("the Grissingers"), appeal from the judgment of the Lorain County Court of Common Pleas that affirmed the decision of Appellees, the Village of LaGrange Zoning Board of Appeals ("the Board"), which denied the Grissingers' request for a variance. We affirm.
The Grissingers own a building located in a "central business district" zoning classification. One residential apartment was located on the first floor of the building. Although residential uses are not permitted in that zoning classification, it is uncontested that the apartment was a lawful nonconforming use that predated the passage of the "central business district" zoning classification.
In March 1998, the Grissingers requested a zoning variance for their property's setback requirements in order to extend the side/rear portions of the building to accommodate additional commercial business and extend the apartment, located in the middle/rear portion, by nine feet. The Board approved the variance request. Later, the Grissingers discovered that the remodeling plan would not work and their architect recommended that portions of the building be removed and reconstructed.
In October 1998, the Grissingers presented the new plans to the building inspector along with their request for a zoning permit. The new plan indicated that the existing roof would be removed and a new roof structure added that would increase the space on the second floor. Although the building inspector found that the plans complied with the previous variance approval, he denied the request because the plan also indicated that a future residential space would be located on the second floor that was not presently part of the building. He advised the Grissingers to request a use variance from the Board for the second floor area.
Approximately January 1999, the Grissingers requested a variance of prior nonconforming residential use to allow them to place four apartment units in the increased space on the second floor. On February 10, 1999, after holding a hearing, the Board unanimously denied the Grissingers' request for the variance. The Grissingers timely appealed the Board's decision to the trial court, pursuant to R.C. Chapter 2506. The trial court affirmed the Board's decision. The Grissingers timely appealed the decision of the trial court raising six assignments of error for review. The assignments of error have been rearranged to allow for similar errors to be addressed concurrently.
 ASSIGNMENT OF ERROR I [The Grissingers'] application for an enlargement of a building and structure containing a valid non-conforming use, is a request for a Special Permit, "Special Exception" under [Village of LaGrange Zoning Ordinance] 103.07.
 ASSIGNMENT OF ERROR II The Village of LaGrange zoning ordinances provides [sic.] for the unrestricted right of continuance and Substitution of a prior valid[,] presently legal[,] non-conforming residential use of a[n] existing building in a business district.
 ASSIGNMENT OF ERROR IV [The Board's] decision denying [the Grissingers'] request for their valid, presently legal[,] non-conforming residential use on the second floor of their building, when the structural alteration and enlargement of the building is necessitated by the need to assure the public safety of the building as is evidenced by the building and zoning inspector for the Village of LaGrange, and [the Board's] unequivocal determination that the structural alteration and enlargement of [the Grissingers'] building is necessitated by the need for public safety of the building due to the poor condition of the building, is clearly unconstitutional, illegal, arbitrary, capricious, unreasonable, and unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.
The Grissingers' first, second, and fourth assignments of error address the Board's actions with regard to the Grissingers' alleged right to continue the nonconforming residential use in their building, along with their request to enlarge the building. The Grissingers argue that the Board erred in denying the variance request because the Grissingers satisfied the requirements of the ordinance to continue the legal, nonconforming residential use of the building. The Grissingers claim that the Board placed additional limitations on the continuance of the nonconforming use. We disagree.
R.C. Chapter 2506 governs administrative appeals undertaken from a township board of zoning appeals. See R.C. 2506.01. The appeal is first addressed to the court of common pleas of that county. Id. The common pleas court's standard of review is set forth in R.C. 2506.04:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from[.]
Our standard of review is even more limited. We must affirm the court of common pleas unless that court's decision "`is not supported by a preponderance of reliable, probative and substantial evidence.'" Smithv. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613, quotingKisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. In making this determination, we apply an abuse of discretion standard. Nauth v. SharonTwp. Bd. of Zoning Appeals (Sept. 2, 1998), Medina App. No. 2754-M, unreported, at 4. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
LaGrange Codified Ordinance 103.07 addresses the continuance of a legal, nonconforming use and provides:
NONCONFORMITIES
Continuance:
 The lawful use of a building or parcel of land existing at the time of the adoption of this Ordinance may be continued, although such use of a building or parcel of land does not conform to the provisions hereof, provided no structural alterations are made other than those ordered by an authorized public officer to assure that the safety of the building or structure and provided further, that such extension does not displace any residence use in a residence district.
LaGrange Codified Ordinance 802.11 addresses variations to nonconforming uses and provides, in part:
 The Board shall have no powers to authorize, as a variance, the establishment of a nonconforming building or use, extensions of or changes in nonconforming uses where none previously existed.
 The substitution of a nonconforming use existing at the time of enactment of this Zoning Ordinance for another nonconforming use shall be allowed provided no structural alterations are made except those required by law or ordinance.
In this case, the Grissingers argue that their 1999 request for a variance was actually a request for a "special exception," pursuant to LaGrange Codified Ordinance 103.07. As such, they argue that LaGrange Codified Ordinances 103.07 and 802.11 permit them to continue and/or substitute the legal, nonconforming residential use of their building because the alteration made to the building was done to assure building safety.[1] Therefore, they conclude that it was error to deny the request to place four new residential units in the added space on the second floor because the space was the result of a new roof installed for safety purposes. In the trial court's affirmance of the Board's decision it found, in part, "that the placement of four apartments on the second floor was not required to improve the structural safety and soundness of the building, [and] was not unconstitutional, unreasonable, illegal, arbitrarary [sic.] or capricious."
The clear language of LaGrange Codified Ordinance 103.07 allows a nonconforming use to continue, provided that the only alterations made to the building are those ordered by a public officer "to assure the safety of the building." Even assuming that the Board determined that the new roof was necessary for the safety of the building, the addition of three new apartments to the building for a total of four apartments on the second floor was certainly not ordered "to assure the safety of the building." More importantly, the Board's denial of the variance request did not prevent the Grissingers from continuing their legal, nonconforming use of one apartment. Rather, the decision prevented them from expanding the nonconforming residential use to four apartments, as addressed below in assignments of error III and V.
Accordingly, because the Grissingers were allowed to continue the nonconforming use of one apartment, as provided for in LaGrange Codified Ordinance 103.07, the characterization of the Grissingers' request as a variance or a special exception pursuant to LaGrange Codified Ordinance 103.07 makes no difference to the outcome. Therefore, we find that the trial court did not abuse its discretion in affirming the Board's decision.
The Grissingers' first, second, and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR III The Village of LaGrange zoning ordinances provide
that the only condition necessary for the structural alteration and enlargement of a building containing a prior valid, presently legal[,] non-conforming use is that the structural alteration and enlargement is necessitated by the fact of public safety for the building.
 ASSIGNMENT OF ERROR V [The Board] cannot legally impose any additional restriction or limitation on the continuance of a valid, presently legal non-conforming use not expressly provided for by the zoning ordinances, and any attempt to restrict or limit such continuance due to health, safety, and welfare concerns, parking considerations or to place an area limitation is illegal.
In the Grissingers' third and fifth assignments of error, they argue that the Board erred in denying their request to install four second floor apartments because LaGrange Codified Ordinance 103.07 clearly provides for the expansion of a nonconforming use.[2] The Grissingers maintain that the only limitation on increasing the amount of nonconforming use is that the enlargement or alteration of the building containing such use be performed for purposes of building safety. On the other hand, the Board contends that LaGrange Codified Ordinance 103.07 permits a continuation, but not an expansion of a nonconforming use. The Grissingers' argument is without merit.
It is well settled that nonconforming uses and buildings are not favored in the law and that local governments may prohibit the expansion or substantial alteration of a nonconforming use in an attempt to eradicate that use. Hunziker v. Grande (1982), 8 Ohio App.3d 87, 89. Furthermore, this Court must make every reasonable presumption in favor of the trial court's judgment. Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19. "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the [trial court's] verdict and judgment[.]" Id.
The Grissingers focus on the word "extension" in the text of LaGrange Codified Ordinance 103.07 to support their contention that the ordinance allows an expansion in the nonconforming use. We submit that the language of the ordinance is ambiguous, at best. It is unclear whether the "extension" referred to in LaGrange Codified Ordinance 103.07 allows an extension of the building or an extension of the nonconforming use. The language of the ordinance previously refers to the fact that a "lawful use * * * may be continued," and then states the requirement that any "structural alterations" to the building or parcel of land must be ordered for safety purposes. Unfortunately, reference to any type of "extension" in LaGrange Codified Ordinance 103.07 appears for the first and only time at the end of the text. Therefore, it is unclear as to what type of extension the language is referring. Consequently, we must give the ordinance that interpretation which is most favorable to sustaining the trial court's judgment which, in this case, means that we must interpret the ordinance to mean it does not expressly allow for the expansion of a nonconforming use. See Karches, 38 Ohio St.3d at 19.
In addition to the above referenced ordinances, the evidence before the trial court also included a transcript of the February 10, 1999 hearing before the Board. The transcript reveals that the Board considered the following factors before denying the Grissingers' request to add four apartments to the second floor: its conflict with the comprehensive zoning plan, the parking problem in the area, and the lack of justification to expand the residential use to four apartments. After reviewing the evidence, the trial court held that "the decision to deny a variance to add four second floor apartments, and thereby enlarge the non-conforming use, is supported by substantial, reliable and probative evidence."
Upon a review of the evidence considered by the trial court, we find that the trial court did not abuse its discretion in affirming the Board's decision. Accordingly, the Grissingers' third and fifth assignments of error are overruled.
 ASSIGNMENT OF ERROR VI There exists such a substantial amount of valid, presently legal[,] non-conforming residential use of buildings in the business district that the denial of [the Grissingers'] valid[,] legal[,] nonconforming residential use of the second floor violates their constitutional right of due process of law since the denial has no substantial relationship to the public health, safety, and welfare, and amounts to a[n] illegal retroactive application of the zoning ordinance in violation of [R.C.] 713.15, and discriminates against them in violation of the guarantee of equal protection of the law.
In the Grissingers' final assignment of error, they argue that the Board's denial of their variance request denied them equal protection of the law. We disagree.
"The purpose of the equal protection guarantee is to ensure that similarly situated persons are treated similarly under the law." Andresv. Perrysburg (1988), 47 Ohio App.3d 51, 55, citing Colgate v. Harvey
(1935), 296 U.S. 404, 422-23. The equal protection guarantee only prevents invidious discrimination. Norvell v. Illinois (1963), 373 U.S. 420,424, 106 L.Ed.2d 456, 459.
In support of their argument, the Grissingers have pointed to evidence indicating that there are other buildings in the zone in question which contain apartments on the second floor. Conspicuously missing from this evidence, however, is any indication that the Board granted the owners of these other buildings a variance to expand the nonconforming residential use, while denying the same type of variance to the Grissingers. Having failed to establish this, the Grissingers failed to prove the existence of any equal protection violation. Therefore, the trial court did not abuse its discretion in affirming the Board's denial of the Grissingers' variance request to add four second floor apartments to their building. The Grissingers' final assignment of error is overruled.
The Grissingers' six assignments of error are overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
WHITMORE, J., CONCURS.
CARR, J., CONCURS IN JUDGMENT ONLY.
[1] Specifically, the Grissingers contend that the Board previously granted the variance for setback associated with the roof replacement in order to assure the safety of the building.
[2] The Grissingers do not raise this argument with respect to LaGrange Codified Ordinance 802.11.